Sartori *v.* Hamilton.

---

## JOHN B. SARTORI v. THOMAS N. HAMILTON.

A Consul General of His Holiness the Pope and recognized as such by the President of the United States, cannot be sued in an action of debt in the court for the trial of small causes.

By act of Congress, the District Court of the United States has jurisdiction, *exclusively of the courts of the several states*, of all suits against consuls.

This was an action of debt brought by the plaintiff, Thomas N. Hamilton, on a promissory note, against the defendant, in the court for the trial of small causes. On the return of the summons, the defendant, John B. Sartori, filed a written plea, setting forth that " he was, and still is Consul General of His Holiness the Pope, in the United States of America, and as such Consul General, has been recognized by the President of the said United States, and declared free to exercise such functions, powers, and privileges, as are allowed to consuls general ; and that by the constitution of the said United States, and the several acts of Congress, he, the said defendant, cannot be compelled to answer any plea or plaint in any action personal, before a justice of the peace, or judge in any court whatever, except before the justices of the Supreme court of the United States, or before the District Court of the United States, for the New-Jersey District ; and this he is ready to verify ; Wherefore he prays judgment, if the said court will, or ought to take

cognizance of the said suit." To the plea is added the affidavit of the defendant, that the same is " true in substance and matter of fact." Judgment was rendered in favor of the plaintiff, and the same is removed by the defendant into this court by certiorari.

*J. Ewing* and the *Attorney General* argued for the plaintiff in certiorari.

*L. H. Stockton,* contra.

The opinion of the court was delivered by Justice Ford.

Ford, J. The plaintiff was accredited to the government of the United States as a foreign consul. Being sued in an action of debt in the court for trial of small causes, he plead to the jurisdiction of the justice, that he was suable only in the District Court of the United States, according to the act of Congress. The justice, however, tried the cause and rendered judgment against him as the maker of a promissory note.

If the act of Congress be of any authority, it takes away the jurisdiction of the justice, and of this court likewise, over a consul. Its words are these ; " The District Court of the United States, shall have jurisdiction, exclusively of the courts of the several states, of all suits against consuls." *Acts of Congress,* 1 *vol.* 54, *sec.* 9. These words exclude state courts from civil jurisdiction over foreign consuls.

But the power to deprive a state of the right of administering justice to its citizens, is said not to be taken away by the constitution of the United States, and therefore no act of Congress can do it. The words of the constitution are *3d art. sec.* 2, " The judicial power of the United States shall extend to all cases affecting ambassadors and consuls." They may have concurrent jurisdiction, it is said ; but the jurisdiction which state courts had before the adoption of the constitution, not being taken away by express words, must, it is said, necessarily remain ; for by the 10th amendment, " the powers not prohibited by the constitution to the states, are reserved to them ;" and therefore that an act of Congress prohibiting this jurisdiction to a state, is unconstitutional and void. But on the other hand, if state jurisdiction is excluded by a fair and necessary

implication of the words of the constitution, such implication is as good as express words. Now the exclusion seems to be fairly and necessarily implied. The constitution extends the judicial power of the United States to " *ambassadors and consuls* " both alike; it does not distinguish between them as to jurisdiction, but places them under *one rule.* If it had intended different rules for the two persons of ambassadors and consuls, it would have said so. If we disjoin and separate under two rules what are thus united under one and the same, we do arbitrary violence to the constitution. Now that the judicial power of the United States over *ambassadors* belongs to them exclusively, is not denied, and by the same rule, (there being but one rule) in the constitution, it must be exclusive over consuls also. One is made known by the other. Again, The 1*st Art.* 8*th section,* empowers Congress " to make all laws which shall be necessary and proper for carrying into execution the powers vested by the constitution in the government of the United States." One of them is the power of managing our public relations with the rest of the world without the interference of any state ; another is, " to regulate commerce with foreign nations." For the exercise of these powers they are responsible to the nation and to foreign powers. Now a consul is a commercial agent, with public functions, accredited to the national government by a foreign power, and is admitted to be under the particular protection of the law of nations. *Mart. Lib. 4 ch.* 3, *sec.* 8. Therefore any maltreatment of the consul of a foreign power, is not only a justifiable cause of war, but has often occasioned wars in the history of nations. No individual state is answerable for the treatment a foreign consul may receive; the national government is answerable alone ; and it seems indispensably necessary to its responsibility, that it should have exclusive jurisdiction over them. How could it be answerable for laws affecting consuls, and for the execution of those laws over which it had no control? This reasonable and necessary implication in the constitution was adopted by the very first Congress in the year 1789, so that its allowance was coeval with the government ; it has been maintained under every administration, and impliedly assented to by every state in the Union for the last forty years. It has received the highest judicial sanction in a neighboring state, and

is approved by the most eminent of our American civilians.
1 *Kent's Com.* 44. But if state courts are ousted of jurisdiction,·
it is argued that we must dismiss this present certiorari, for
want of power to take cognizance of the present matter. This
is not a fair inference from the premises. We have no jurisdic-
tion, nor has the justice any ; and it is our duty to restrain in-
ferior tribunals and keep them from exceeding their legal juris-
diction. We exercise no jurisdiction over consuls ourselves, nor
suffer inferior tribunals to do it.

On account therefore of its being a fair and necessary impli-
cation in the constitution, adopted at the commencement of the
government, and acquiesced in to the present time, I feel bound
to say that the justice had no jurisdiction, and that the judg-
ment must be reversed.

Judgment reversed.